**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 19 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| CHANGYONG ZHOU; X. Z.,<br><br>          Petitioners,<br><br>   v.<br><br>TODD BLANCHE, Acting Attorney General,<br><br>          Respondent. | No. 25-2647<br><br>Agency Nos.<br>A246-445-969<br>A246-445-970<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 30, 2026[**]

Before: RAWLINSON, MENDOZA, and DESAI, Circuit Judges;
Concurrence by Judge Rawlinson;
Dissent by Judge Desai.

Petitioners Changyong Zhou and his minor daughter are natives and citizens

of China. They petition for review of a decision by the Board of Immigration

Appeals ("BIA") affirming the denial of Zhou's applications for asylum,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1

withholding of removal, and protection under the Convention Against Torture. We have jurisdiction pursuant to 8 U.S.C. § 1252. We deny the petition.

When the BIA "conducts its own review of the evidence and law, rather than adopting the [Immigration Judge's ("IJ's")] decision, our 'review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted.'" *Rodriguez v. Holder*, 683 F.3d 1164, 1169 (9th Cir. 2012) (quoting *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006)). "We review factual findings, including adverse credibility determinations, for substantial evidence." *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014). Following this standard, we uphold the IJ's and the BIA's findings "if supported by 'reasonable, substantial, and probative evidence on the record.'" *Cordon-Garcia v. INS*, 204 F.3d 985, 990 (9th Cir. 2000) (quoting *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992)). "To prevail, Petitioner must show that the evidence not only supports, but compels the conclusion that these findings and decisions are erroneous." *Id.*

"[O]nly the most extraordinary circumstances will justify overturning an adverse credibility determination." *Shrestha v. Holder*, 590 F.3d 1034, 1041 (9th Cir. 2010) (quoting *Jibril v. Gonzales*, 423 F.3d 1129, 1138 n.1 (9th Cir. 2005)). Under the REAL ID Act, an adverse credibility determination may be made after considering "the totality of circumstances, and all relevant factors." *Id.* at 1040 (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). This may include consideration of "the

2

consistency between the applicant's . . . written and oral statements." 8 U.S.C. § 1158(b)(1)(B)(iii). "[A]ny inconsistency" may be considered, and inconsistencies need not "go to the heart" of a petitioner's claim to form the basis of an adverse credibility determination. *Shrestha*, 590 F.3d at 1043; 8 U.S.C. § 1158(b)(1)(B)(iii).

Here, substantial evidence supports the adverse credibility determination based on (1) the inconsistency in Zhou's testimony regarding the sequence of events following his 2014 arrest, (2) the omission in his testimony regarding the conditions following his release from custody after his 2022 arrest, and (3) Zhou's testimony that he did not know the reason for one of the protests he participated in. *See* 8 U.S.C. § 1158(b)(1)(B). It was not unreasonable for the agency to treat Zhou's inability to consistently describe events as an important factor in making its adverse credibility determination. *See Shrestha*, 590 F.3d at 1047. Nor was it unreasonable for the agency to doubt the sincerity of Zhou's political beliefs.

However, we do not believe that Zhou's testimony regarding the origins of the White Paper Movement or the difference between a district station and a police station undermine his credibility. Zhou's belief that the use of white pieces of paper as a symbol of protest began in the Soviet Union does not actually contradict evidence in the record indicating that a building file inspired the White Paper Movement to spread throughout China. Nor did Zhou create any actual

3

inconsistency when he discussed district stations and police stations. Zhou explained that while the two are technically distinct entities, the designations are used interchangeably because both entities carry out policing functions. Indeed, at a separate point during his testimony, Zhou described an interrogation at "the district police station." *See Barseghyan v. Garland*, 39 F.4th 1138, 1145 (9th Cir. 2022) (holding that there was no actual inconsistency where the government "manufacture[d] a discrepancy by characterizing the factual situation as an 'either/or' situation").

We also emphasize that "not all omissions deserve the same weight or support an adverse credibility finding." *Iman v. Barr*, 972 F.3d 1058, 1067 (9th Cir. 2020). "Omissions are probative of credibility to the extent that later disclosures, if credited, would bolster an earlier, and typically weaker, asylum application." *Id.* at 1068. Put another way, where an applicant is not introducing new information to bolster their asylum application, but has instead omitted information that was previously disclosed, that omission does not bear on the applicant's veracity. *Id.* So the fact that Zhou disclosed certain details— concerning the extent of the harm he suffered following his 2019 arrest—in his declaration but omitted them during his hearing did not support an adverse credibility determination. However, considering the totality of the circumstances,

4

we conclude that the agency's determination was supported by substantial evidence.

Petitioners' sole contention before the BIA was that the IJ clearly erred in finding that Zhou was not credible. They do not raise any other claims before us on appeal.

**PETITION DENIED.**[1]

---

[1] The stay of removal (Dkt. 2) will remain in place until the mandate issues. The motion for stay of removal is otherwise denied.



***Zhou v. Blanche*, Case No. 25-2647**
**Rawlinson, Circuit Judge, concurring in the result:**

    I concur in the result but not in the reasoning.

*Zhou v. Blanche*, Case No. 25-2647

DESAI, Circuit Judge, dissenting:

I agree with Judge Mendoza's conclusion that at least half of the agency's findings do not support its adverse credibility determination, but do not agree that the agency's remaining reasons justify an adverse credibility determination. Because the agency should reweigh the evidence in light of its erroneous findings and consider in the first instance whether the remaining reasons justify an adverse credibility determination, I would grant Zhou's petition for review. I thus respectfully dissent.

Established principles of administrative law leave to the agency the question that the disposition answers in the first instance. A federal court "generally goes astray if it decides a question" that the agency "has not first had a chance to address." *Smith v. Berryhill*, 587 U.S. 471, 488 (2019). It is the agency that must "bring its expertise to bear upon [a] matter . . . evaluate the evidence . . . [and] make an initial determination . . . through informed discussion and analysis." *I.N.S. v. Orlando Ventura*, 537 U.S. 12, 17 (2002). These principles have "obvious importance in the immigration context." *Id.* at 16–17. The BIA has "experience with the sort of facts that recur in immigration cases," *Garland v. Ming Dai*, 593 U.S. 357, 367 (2021), and a "legally mandated role" to consider the "highly complex and sensitive" issues that arise. *Orlando Ventura*, 537 U.S. at 17. Therefore, "the proper course, except in

1

rare circumstances, is to remand to the agency for additional investigation or explanation." *Id.* at 16 (citation modified).

The same settled principles apply here even under the deferential standard of review that governs this case. As Judge Mendoza explains, at least half of the BIA's findings do not withstand our substantial evidence standard. *See Gutierrez-Alm v. Garland*, 62 F.4th 1186, 1194 (9th Cir. 2023). Whether Zhou's testimony should be discredited based on the remaining findings is better left to the agency under the totality of circumstances. *See Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc). Indeed, we have refused to uphold an adverse credibility determination even when some reason remains to support it but many of the agency's purported inconsistencies are illusory. *See, e.g.*, *Kumar v. Garland*, 18 F.4th 1148, 1151 (9th Cir. 2021); *Barseghyan v. Garland*, 39 F.4th 1138, 1141 (9th Cir. 2022).[1] This practice permits the BIA "to determine in the first instance whether the remaining factors—considered on their own—suffice to support an adverse credibility determination," *Kumar*, 18 F.4th at 1156, and protects the agency's "legally

---

[1] Other circuits do the same. "Even with the deference we owe to credibility findings," we must remand when the agency's repeated errors call its "overall analysis into question." *Cojocari v. Sessions*, 863 F.3d 616, 626 (7th Cir. 2017); *see also Hong Fei Gao v. Sessions*, 891 F.3d 67, 82 (2d Cir. 2018) (recognizing that "because we cannot confidently predict that the IJ would have adhered to her determination absent the other errors we have identified, remand is warranted"); *Jabri v. Holder*, 675 F.3d 20, 26 (1st Cir. 2012) (remanding to the agency to determine "whether any remaining inconsistencies are sufficient to discredit the petitioner's claim in its entirety").

2

mandated role" as the factfinder of first instance. *Orlando Ventura*, 537 U.S. at 17.

Because I would grant Zhou's petition for review and remand to the BIA, I dissent.